United States District Court
Southern District of Texas
**ENTERED**
March 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DON McCAFFETY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-4019 |
| | § | |
| KELSEY HANSON, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Don McCaffety, representing himself, challenges an eminent domain proceeding that is pending in Texas state court. (Docket Entry No. 1). He alleges violations of his constitutional rights and seeks $50.5 million in damages. (*Id.*). The defendants who are Assistant Attorneys General, Kelsey Hanson and Clint Harbour, and the TxDot defendants, the Texas Department of Transportation, Jodi Watkins, Bruce Bugg, Jr., and Marc Williams, moved to dismiss in November 2023. (Docket Entry Nos. 3, 4). McCaffety's time to respond was extended well past the deadline when, on February 9, 2024, the court allowed him to respond by March 8. (Docket Entry No. 7). On March 8, 2024, McCaffety asked for an additional 60-day extension of time to respond because he is not feeling well. (Docket Entry No. 9). Because McCaffety has had ample time to respond, and because the grounds for dismissal are clearly right, any additional time for response would be futile. The request for additional time is denied. (Docket Entry No. 9). The motions to dismiss are granted. (Docket Entry Nos. 3, 4). The reasons are stated below.

I.      **The Standard for a Motion to Dismiss**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial

2

notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

A motion to dismiss under Rule 12(b)(1) calls into question the district court's subject-matter jurisdiction. A movant may demonstrate a lack of jurisdiction from (1) the face of the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). The party invoking the court's jurisdiction carries the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## II. The Assistant Attorneys General's Motion to Dismiss

Although McCaffety's allegations are not always clear, there is no injury he alleges that is fairly traceable to Assistant Attorneys General Hanson and Harbour. McCaffety alleges that Hanson did not serve him with process in state court and did not agree to the new appraisal that McCaffety wanted as part of his effort to challenge the eminent domain process. (Docket Entry No. 1 at 3–4). McCaffety alleges that Harbour "failed to address" the objection, counter-suit, and request for injunction that McCaffety filed in the state court proceedings. (*Id.* at 7). McCaffety had full notice of the state court proceedings arising from the eminent domain administrative phase, and filed a counterclaim in the state proceedings to challenge the appraisal and condemnation. (*Id.*). McCaffety does not allege injuries that are fairly traceable to the conduct of Hanson or Harbour, and his allegations do not state any plausible due process violations.

McCaffety's official capacity claims against both Hanson and Harbour as employees of the Office of the Attorney General are also barred by the Eleventh Amendment sovereign immunity. *See K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) ("The Eleventh Amendment bars suits by

private citizens against a state in federal court. The bar applies not only to the state itself, but also protects state actors in their official capacities.") (citation omitted); *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) ("Texas has not consented by statute, and § 1983 does not abrogate state sovereign immunity.") (citing *Quern v. Jordan*, 440 U.S. 332, 340 (1979)). And, as prosecutors, Hanson and Harbour have immunity for their actions against McCaffety, which they took in the course of their roles as advocates for the State. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1992); *Reed v. Gonzalez*, 2001 WL 640788 at *4 (N.D. Tex. 2001) ("[E]ven though the complained of action was a civil case, as long as the prosecutors were functioning as an advocate for the State of Texas in initiating and pursuing the judicial proceedings, they are entitled to absolute immunity.").

As an additional reason to grant the motion to dismiss, this court cannot properly interfere with the ongoing state court proceedings relating to the eminent domain condemnation compensation. The issue of compensation in an eminent domain action is one that is properly resolved in state court. McCaffety can raise his challenges to the exercise of eminent domain in that court. This court will not interfere with the state's legal proceeding.

### III.    The TxDot Defendants' Motion to Dismiss

The reasons for dismissing the claims against the TxDot defendants are similar. First, the official capacity claims against this state agency are barred by the Eleventh Amendment and by state sovereign immunity. Second, the individual TxDot defendants have qualified immunity for their actions on behalf of the agency. McCaffety does not allege any action by the agency or the individual defendants that are either violations of his rights or not objectively reasonable. As the TxDot defendants note, participating in an eminent domain proceeding is not a violation of due process or objectively unreasonable. And the same reasons for declining to interfere with the

4

ongoing state proceedings, in which McCaffety has filed a counterclaim, apply to the TxDot defendants as well as the Assistant Attorneys General.

IV.     **Conclusion**

This suit is dismissed.  An order of dismissal is separately entered.

SIGNED on March 13, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge